## J. P. MUSE v. THE STATE.

No. 12369.   Delivered February 6, 1929.

The opinion states the case.

*J. S. Kendall* of Munday, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

In this case the appellant's motion for new trial was overruled October 22, 1928, and the court by order then made allowed appellant sixty days from said date in which to file statement of facts and bills of exception.   The time thus allowed expired December 21, 1928, and no statement of facts or bills of exception having been filed, the clerk of the trial court forwarded the transcript to the clerk of this court by whom it was received on December 26, 1928.   Under the terms of Art. 760 C. C. P., the law gives to one appealing from a criminal conviction ninety days from the date of notice of appeal in which to have his statement of facts filed in the trial court, and without any order fixing the time within which bills of exception must be filed, said article allows the appellant thirty days after the adjournment of court, in which to file his bills of exception.   Manifestly the grant of ninety days for the filing of statement of facts, can not be curtailed by any court order attempting to fix a less time

for such filing. So, if any correct statement of facts herein had been tendered to the clerk of the trial court for filing and transmission to this court, within ninety days from October 22, 1928, and such filing and-transmission-had been refused,—upon proper showing we would have granted a writ of certiorari to perfect the record, or would have reversed because appellant had been denied his statement of facts.

This cause was set for submission in this court on January 16, 1929, and was held in abeyance at appellant's request to allow him time and opportunity to file a supplemental transcript, the record being out for two weeks. We now find with the papers an unsworn, unsupported statement of appellant's attorney, setting up that the action of the trial court in fixing sixty days for filing bills of exception and statement of facts was arbitrary; and that he, appellant, had prepared bills of exception and a statement of facts which would have been filed with the lower court and sent here, but for such arbitrary action of the lower court in fixing the said sixty-day period. Nothing further than said unsworn statement appears in support of its contentions. It is not even stated that any bills of exception or statement of facts were ever tendered to the trial court for his approval, or to the clerk of the trial court for his filing. Since the statute fixes thirty days as a proper time for filing bills of exception, and the court below granted sixty days, we perceive nothing arbitrary in such action. The court's inclusion of the statement of facts within his sixty-day order, was doubtless an inadvertence. This court has no reason for believing that the judge of the trial court in this instance would arbitrarily fix a time too short for filing papers, or that he would not approve a statement of facts properly presented to him within the time allowed by law. Our knowledge of and experience with him leads us to a contrary conclusion.

There being in this record neither a statement of facts nor bills of exception, nor any legal showing why same are not here, the judgment will be affirmed.

*Affirmed.*